6L 175
2pi 674

WILLIAM YOUNG *v.* JOSHUA HAIL *et al.*

ASSIGNMENT. *Made to hinder and delay creditors. When.* A general assignment for the benefit of creditors, conveying all of the grantor's property subject to execution, which stipulates for a delay of four years and six months before the property can be sold, hinders and delays creditors, and cannot be sustained.

### FROM JACKSON.

Appeal from the Chancery Court at Gainsboro. W. G. CROWLEY, Ch.

W. H. DeWITT, E. L. GARDENHIRE, J. J. VERTREES and J. P. HELMS for complainant.

J. P. MURRAY for defendants.

COOPER, J., delivered the opinion of the court.

On the 11th of August, 1865, the defendant Joshua Hail conveyed to W. H. Botts the tract of land on which he then lived, in trust, to secure, first, a debt due to Robert V. Wright as of the 10th of November, 1862, for $1,332.47; next, a debt due to Mathew Brenington, on which W. D. Hughes was surety, due May 20, 1859, for $1,150, and then all of his other debts and liabilities *pro rata.* The grantor, after undertaking to explain why he prefers the Wright debt, continues thus: "Now, if I shall, on or before the first day of January, 1870, pay off to

R. V. Wright said above described note and legal interest thereon, and the cost and expense of this deed, and all and every other legal debt then due and outstanding against me, this deed is to be void; but if I shall fail to do so on or before that time, then my said trustee is authorized to sell said land at public auction for cash, and apply the proceeds of sale, after the expenses of the trust, to the payment of the debts as in the deed directed." It is expressly provided that the sale shall be so made as to allow the grantor or any of his creditors to redeem the land according to law.

The grantor, Joshua Hail, was, at the time of executing this deed, indebted to insolvency, and owned no other property, so far as appears, than the land conveyed. He had several thousand dollars due him in the State of Mississippi, from which he had large expectations never realized. He remained in possession of the land until the fall of 1866, when he removed to Texas. Previously, however, on the 14th of August, 1866, he leased the land for the years 1867, 1868 and 1869, to John A. Durham, for two hundred and fifty dollars a year, taking notes for the rent, and these notes he assigned to third persons in the payment of debts.

On the 3d of October, 1866, William Young filed his original bill in this cause, as a creditor of Joshua Hail for a large amount of money, against Hail, Botts the trustee, and the two principal beneficiaries in the trust, stating the foregoing facts and attacking the deed as fraudulent in law and fact. R. V. Wright

and the personal representative of Brenington afterwards, on May 22, 1867, filed a cross-bill, or an original bill in the nature of a cross-bill, to enforce the trust, and to impound the rents of the land in the hands of the lessee, Durham. On final hearing, the chancellor declared the trust deed to be fraudulent and void, and adjusted the rights of the parties on that basis. Wright and Polk, the administrator of Brennington, appealed.

The evidence introduced leaves no doubt that the two preferred claims were just and honest debts, and that the preference given them was without any improper motives. The proof is equally clear that the trust conveyance was made at the instance of R. V. Wright, through his brother as his agent, and that Hail insisted upon the time stipulated for in the deed, and that the point was yielded to him in order to obtain the security. "I was directed," says the agent in his testimony, "to make the best terms that I could to secure my brother's debt, and I did make the best terms I could in order to secure the same, and in consenting to give the time stipulated in the deed, I had no other object than that of securing the debt, and I could not get any shorter time than that stipulated in the deed from Mr. Hail." "He," (Hail) the witness elsewhere says, "was to live on said land till the deed of trust was out, then, if the debt was not paid, the land was to be sold to pay the debt." Hail himself says there was no agreement about who should occupy the land. "I regarded it that I had a right to live upon the land and rent it to whom

12—VOL. 6.

I pleased." The trustee says there was no agreement except what was expressed in the deed.

The trust conveyance having been made for the benefit of all the grantor's creditors, although with preferences which a creditor has a right to make, no question can arise in regard to the proportion between the property conveyed and the debts secured. The grantor, in effect, conveyed all of his property for the benefit of all of his creditors. The whole case turns upon the stipulation for the time from the 11th of August, 1865, to the 1st of January, 1870, before the deed could be executed by a sale.

If the conveyance had been to secure a single creditor, the time of foreclosure would be a circumstance to be considered in connection with other facts in ascertaining the intent of the parties, and may be an immaterial circumstance in such a case: *Bennett v. Union Bank*, 5 Hum., 612; *Roane v. Bank of Nashville*, 1 Head, 526; *Stewart v. Cockrell*, 2 Lea, 369. But this conveyance is a general assignment for the benefit of all the grantor's creditors, in which he undertakes to stipulate with them for the use of his property for four years and six months, and to delay them for that length of time in the collection of their debts; for, if the deed is good, no creditor can subject the property to the satisfaction of his debt within that time. It necessarily hinders and delays all the creditors in the collection of their debts out of the corpus of the property for that period. The probable "law's delay" is all that can fairly be stipulated for, and the time in this case was unrea-

sonable even in view of the condition of the country at the date of the deed, the courts having been then, as the proof shows, re-opened: Bump. Fraud. Conv., 412.    Whether the creditors could reach the rents, is immaterial: *McCall* v. *Cawthorn,* 1 Leg. Rep., 26.

The chancellor's decree is affirmed, and the appellants will pay the costs of this court.